932 F.2d 967
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill Henry FAMBROUGH, Petitioner-Appellant,
v.
UNITED STATES of America, Respondent-Appellee.
 No. 90-6547.
 United States Court of Appeals, Sixth Circuit.
 May 7, 1991.
 
 1
 Before KRUPANSKY and BOGGS, Circuit Judges, and AVERN COHN, District Judge.*
 
 ORDER
 
 2
 This pro se federal prisoner appeals the district court's order denying his motion to vacate, set aside, or reduce sentence filed pursuant to 28 U.S.C. Sec. 2255. Additionally, he requests the appointment of counsel and a transcript at government expense. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the briefs and the record, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 Pursuant to a plea agreement with the United States, petitioner pleaded guilty to various drug offenses, including violations of 21 U.S.C. Sec. 846, 21 U.S.C. Sec. 841(a)(1), 18 U.S.C. Sec. 2, 21 U.S.C. Sec. 843(b), and 18 U.S.C. Sec. 1202(a)(1). He received a total sentence of twelve years with a special parole term of five years and a total special penalty assessment fee of $100.00
 
 
 4
 In his motion filed pursuant to 28 U.S.C. Sec. 2255, petitioner maintained that the trial court violated Fed.R.Crim.P. 11 when it sentenced him, that the plea agreement was invalid, and that he had ineffective assistance of counsel. An evidentiary hearing was conducted on August 2, 1990. The district court denied the motion to vacate in an order entered November 6, 1990.
 
 
 5
 Petitioner filed a timely notice of appeal from the order denying his motion to vacate. On appeal, petitioner continues to assert deficiencies in his plea proceedings and asserts that the plea agreement was invalid. He further argues that the district court abused its discretion and violated his due process rights by refusing to appoint another counsel at petitioner's Sec. 2255 evidentiary hearing over the requests of petitioner and petitioner's counsel. He also argues that he was denied the effective assistance of counsel at his evidentiary hearing.
 
 
 6
 Upon review, we affirm the district court's order as petitioner has not been denied the rudimentary demands of fair procedure. See Lundy v. Campbell, 888 F.2d 467, 469-70 (6th Cir.1989), cert. denied, 110 S.Ct. 2212 (1990).
 
 
 7
 Accordingly, the requests for the appointment of counsel and a transcript at government expense are denied, and the district court's order is affirmed pursuant to Rule 9(b)(5), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Avern Cohn, U.S. District Judge for the Eastern District of Michigan, sitting by designation